| | |
|---|---|
| LESLIE A. BAILEY (SBN 232690)<br>lbailey@publicjustice.net<br>BRIAN HARDINGHAM (SBN 288773)<br>bhardingham@publicjustice.net<br>PUBLIC JUSTICE<br>475 14th St., Ste. 610<br>Oakland, CA 94612<br>Telephone: (510) 622-8150 | CHARLES MOORE*<br>cmoore@publicjustice.net<br>PUBLIC JUSTICE<br>1620 L Street NW, Suite 630<br>Washington, DC 20036<br>Telephone: (202) 797-8600<br><br>*Pro hac vice application forthcoming |

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP URQUIDI;<br><br>          Plaintiff,<br><br>     vs.<br><br>CITY OF LOS ANGELES, a municipal corporation; CITY OF LOS ANGELES OFFICIAL POLICE GARAGE, a non-profit corporation; CITY OF LOS ANGELES POLICE DEPARTMENT, a public entity; MICHEL R. MOORE, in his official capacity; and JON'S TOWING INC., a California corporation.<br><br>          Defendants. | Case No. 2:23-cv-02568<br><br>**DECLARATION OF BRIAN HARDINGHAM IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

-1-
DECLARATION OF BRIAN HARDINGHAM

**DECLARATION OF BRIAN HARDINGHAM**

I, Brian Hardingham, declare as follows:

1. I am a Senior Staff Attorney with Public Justice. I am a member of the bar of the States of California and New York, and am in good standing with the bars of both States. I represent Plaintiff Phillip Urquidi in the above-captioned matter.

2. On March 22, 2023, I spoke with a representative of Jon's Towing Inc. ("Jon's Towing") to inquire about the status of Mr. Urquidi's vehicle. At that time, I was informed that Mr. Urquidi's Nissan Titan was on the lot at Jon's Towing, and that the balance due on the vehicle was $2,013.70. The Jon's Towing representative confirmed that LAPD impounded the truck on February 20, 2023. She also informed me that the fines would increase at a rate of $48 per day the car remains on the lot. During the call, I learned that the Jon's Towing representative believed that they had what was referred to as a "short lien." She informed me that vehicles on a short lien are usually referred to auction by the time the vehicle had been on the lot for thirty days.

3. During my March 22nd conversation with the representative from Jon's Towing, I was told that the vehicle could only be released upon full payment of the balance owed. There is no way to set up a payment plan. According to the representative, Jon's Towing did not have the authority to negotiate with vehicle owners to determine a different rate than the one set by the Los Angeles Police Department ("LAPD").

4. On March 23, 2023, I called Jon's towing again and confirmed that Mr. Urquidi's truck is on a short lien. At my request, I was transferred to a manager, and that person asserted that the amount Mr. Urquidi owed was set by contract with LAPD and there was no way for the towing company to change it. She added that if Mr. Urquidi paid cash that day, he could get the truck released for $1,975 rather than the slightly larger amount he would owe if he paid by credit card, but that was the only financial relief available. The manager added that if the amount of fees owed to Jon's exceeded the auction price of Mr. Urquidi's vehicle, the difference would go into collections.

5. Also on March 23, 2023, I spoke with Detective Flores of LAPD's Topanga Division. Detective Flores was identified to me as the "Auto Supervisor" for the Topanga Division. Detective

Flores informed me that he has no power to alter the fees owed to release a vehicle, as those fees are set by a citywide contract between the towing companies and LAPD.  I was also informed by Detective Flores that LAPD does not have a process for determining an individual's ability to pay the fines imposed for the towing and storage of a vehicle.  He did not have any suggestion for me as to what Mr. Urquidi could do to raise his inability to pay.  He also informed me that the towing company could make arrangements to release the car to Mr. Urquidi on whatever conditions it preferred.

6. On March 24, 2023, I spoke with a representative of Jon's Towing who identified herself as Angel.  I learned at that time that no auction date had been set for Mr. Urquidi's vehicle.

7. Later that day, I spoke with Mr. Watts of LAPD's Topanga Division, who was identified to me as the "Auto Clerk" by a volunteer who answered my call.  Mr. Watts again confirmed that Mr. Urquidi's car had been impounded by LAPD on February 20, 2023 and no auction date had been set.  Mr. Watts advised that once an individual resolves the reason for the impoundment—for example, registers their vehicle, if the reason for the tow was a failure to register—and pays the required fees, then the towing company will release the vehicle.  When I informed Mr. Watts that Mr. Urquidi could not afford to pay the amount imposed, he told me that LAPD had no interest in the amount of money demanded by the towing company and that the towing company could make whatever arrangements for payment with Mr. Urquidi that it wished.

8. During our conversation, Mr. Watts also added that if Mr. Urquidi is worried about the amount owed, he could sign the title over to the towing company and stop the fines from continuing to accrue.  Mr. Watts suggested that this might be a "good idea" for Mr. Urquidi because if the towing company sold the vehicle, Mr. Urquidi could be liable for any amount of fines that is not covered by the sale price. Mr. Watts further stated that most people who cannot pay to get their cars out of impoundment right away wind up losing their vehicles.

9. Mr. Watts also confirmed that an impound hearing would not address Mr. Urquidi's ability to pay.

1
2  I declare under penalty of perjury that the foregoing is true and correct.
3 Executed on April 5, 2023 in Petaluma, California.
4
5            /s/ Brian Hardingham
6
7            Brian Hardingahm
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-4-
DECLARATION OF BRIAN HARDINGHAM