1  HYDEE FELDSTEIN SOTO, City Attorney
2  SCOTT MARCUS, Chief Assistant City Attorney (SBN 184980)
   GABRIEL S. DERMER, Assistant City Attorney (SBN 229424)
3  JOSEPH S. PERSOFF, Deputy City Attorney (SBN 307986)
4  200 North Main Street, 6th Floor, City Hall East
   gabriel.dermer@lacity.org
5  joseph.persoff@lacity.org
6  Los Angeles, CA 90012
   Phone No.: (213) 978-7560
7  Fax No.:   (213) 978-7011

8  *Attorneys for Defendants,*
9  **CITY OF LOS ANGELES, CITY OF LOS ANGELES POLICE DEPARTMENT, MICHEL R. MOORE**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP URQUIDI;<br><br>            Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal corporation; CITY OF LOS ANGELES OFFICIAL POLICE GARAGE, a non-profit corporation; CITY OF LOS ANGELES POLICE DEPARTMENT, a public entity; MICHEL R. MOORE, in his official capacity; and JON'S TOWING, INC., a California Corporation.<br><br>            Defendants. | **CASE NO.  2:23-cv-02568-MEMF-PVC**<br><br>**DEFENDANT CITY OF LOS ANGELES'S OPPOSITION TO NOTICE OF RELATED CASE** |

## I. INTRODUCTION

Plaintiff seeks to relate this case to *Breonnah Fitzpatrick, et al. v. City of Los Angeles, et al.*, No. 2:21-cv-06841-JGB-SP, filed August 25, 2021, pending in this District's Eastern Division. This case and *Fitzpatrick* have little in common other than that they both involve challenges to vehicles impounded in the City of Los Angeles. Plaintiff's vehicle was impounded pursuant to Cal. Veh. Code § 22651(h) following his arrest for smashing the windows of the cars of his ex-girlfriend and her father, which also violated the domestic violence restraining order Plaintiff's ex-girlfriend obtained against him. *Fitzpatrick* is a putative class action challenging California's parking ticket scheme, from the issuance of parking tickets and late fees, to the impound of vehicles due to five or more unpaid parking tickets pursuant to Cal. Veh. Code § 22651(i) and the holding of a vehicle in impound until payment of all unpaid parking tickets pursuant to Cal. Veh. Code § 22651(i)(1)(C).

Significantly, Plaintiff is not a putative class member in *Fitzpatrick* and the vehicles in *Fitzpatrick* were impounded at the request of the Los Angeles Department of Transportation, unlike Plaintiff's vehicle, which was impounded at the request of the Los Angeles Police Department. Therefore there will be entirely different department policies at issue. Further, it simply does not make sense for this case to be litigated in Riverside County when all the events occurred in Los Angeles County, the relevant evidence and witnesses are in Los Angeles County, Plaintiff's criminal case is pending in the Los Angeles County Superior Court (Case No. LAV3VW01341-01), and Plaintiff's other civil case brought against the City and County of Los Angeles challenging the pre-trial detention of arrestees who are unable to afford bail is pending in Los Angeles County Superior Court (Case No. 22STCP04044).

## II. THE TWO DIFFERENT CASES

### A. *Urquidi*

Plaintiff's ex-girlfriend contacted the police on the morning of February 19, 2023 due to Plaintiff coming to her residence in violation of a restraining order and smashing the windshield of her father's car. ECF No. 11-1 at 3. Plaintiff returned around 11:40 p.m. that night and attacked the car again. *Id*. Both times, Plaintiff fled before the police arrived. *Id*.

The next day, the police received a call around 11:40 p.m. that Plaintiff returned. ECF No. 11-1 at 4. When the police arrived, they observed Plaintiff's vehicle "stopped in the middle of the street" and Plaintiff swinging a metal bar approximately 3 feet long at the back of his ex-girlfriend's vehicle. *Id*. After observing the police, Plaintiff ran away, but the police were able to apprehend and arrest him. *Id*. Plaintiff's ex-girlfriend had taken Plaintiff's car keys so he'd be unable to drive away this time. *Id*. As Plaintiff's vehicle was blocking the roadway at the time of his arrest, the officers requested the impound of the vehicle. *Id*. at 6.

As Plaintiff alleges, after pleading *nolo contendere* to a charge for violation of Cal. Penal Code § 166(c), he was released from jail and sought to retrieve his vehicle. ECF No. 5 at 9. The tow yard informed him that, to obtain release of his vehicle, Plaintiff would have to pay $800 in accrued impound fees, consisting of a 10% city tax and a $115.00 vehicle release fee, with the remainder being fees payable to the police garage (a City contractor) for the continued storage of the vehicle. ECF No. 5 at 9, ECF No. 11-7 at 3. Plaintiff's vehicle is scheduled for lien sale on May 2, 2023. ECF No. 5 at 4.

### B. *Fitzpatrick*

A putative class action, *Fitzpatrick* has two named plaintiffs, Breonnah Fitzpatrick and Christopher Officer. *See generally*, *Fitzpatrick*, ECF No. 94. Ms.

Fitzpatrick alleges that her vehicle was impounded on August 11, 2021 pursuant to Cal. Veh. Code § 22651(i) and the City and its Department of Transportation's "Unpaid Parking Tickets Vehicle Seizure Policy," which allegedly, "directs or causes a vehicle to be seized *without a warrant* in order to coerce the vehicle's registered owner to pay all amounts allegedly due the City for unpaid parking tickets," via either booting or impound of the vehicle. *Fitzpatrick*, ECF No. 94 at ¶ 13. Ms. Fitzpatrick's vehicle was released to her on September 17, 2021 "without requiring payment of fees or charges." *Id*. at ¶ 19. Mr. Officer alleges his vehicle was impounded on January 21, 2022, also pursuant to Cal. Veh. Code § 22651(i) and the "Vehicle Seizure Policy," before its release on February 23, 2022, also "without requiring payment of fees or charges." *Id*. at ¶¶ 20, 23.

      Ms. Fitzpatrick and Mr. Officer both (1) challenge the seizure of their vehicles, *Fitzpatrick*, ECF No. 94 at ¶¶ 47-51; (2) allege that their equal protection rights were violated because their ability to pay their parking tickets was not considered because they did not qualify as "indigent," *id*. at ¶¶ 66-70; (3) allege their 8th Amendment rights were violated because "these charges for unpaid citations coupled with the impound, towing and storage charges, constitute an excessive fine far out of proportion to the often trivial non-criminal parking violations for which Plaintiffs and class members allegedly owe," *id*. at ¶¶ 71-73; (4) allege their procedural and due process rights were violated because (a) they were not informed the failure to pay parking citations would result in the impound of their vehicles; (b) there was no judicial review before the impound of the vehicles due to unpaid parking citations, *id*. at ¶ 60A-B; and (5) allege their substantive due process rights were violated because the "non-payment of the civil penalty of five or more parking fines" resulted in "permanent deprivation" of their vehicles, *id*. at ¶ 60C.

*Fitzpatrick* was initially assigned to Judge Klausner but was transferred to the Eastern Division after it was deemed related to *Brewster, et al. v. City of L.A., et al.*, Case No. 5:14-cv-2557 JGB, filed November 2, 2014. *Fitzpatrick*, ECF No. 14.

### III. THE RELATED CASES STANDARD

Under Local Rule 83-1.3.1, two or more civil cases filed in this District are related if they (a) arise from the same or a closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons would entail substantial duplication of labor if heard by different judges. A party may file an opposition to a Notice of Related Cases within five days of receiving service of the Notice or within five days of first appearing in the case. C.D. Cal. R. 83-1.3.2.

### IV. THIS CASE AND *FITZPATRICK* ARE NOT "RELATED"

This case should not be related with *Fitzpatrick* because none of the three situations warranting relating the cases are present. First, the cases do not arise from the same or a closely related transaction, happening, or event. The claims in *Fitzpatrick* and here arise out of entirely separate vehicle impounds requested by different agencies for different reasons. *Fitzpatrick* involves parking citations and this case involves a criminal arrest; there is no arrest at issue in *Fitzpatrick* and there are no parking tickets at issue here. Resolution of the claims will turn on analysis of different policies and testimony of different witnesses; *Fitzpatrick* involves a challenge to a "Vehicle Seizure Policy" allegedly promulgated by the Department of Transportation, while this case involves an alleged Police Department policy. Further, Plaintiff here is not a putative class member of *Fitzpatrick*.

Second, the cases do not arise out of the same or substantially related or similar questions of law and fact. In addition to the relevant facts being entirely different, the vehicles were impounded pursuant to entirely different authority. It is true that both

cases involve claims under some of the same Constitutional provisions and involve the potential applicability of community caretaking, but if that were enough to render the cases "related," then this case would also be related to other vehicle impound cases pending in this District, such as *Murcia v. City of Santa Monica, et al.*, No. 2:22-cv-05253-FLA, filed Aug. 9, 2022 or *Ordonez v. Warren A. Stanley, et al.*, No. 2:20-cv-02779-CBM, filed March 25, 2020. Additionally, the Eighth Amendment claim asserted here is a direct challenge to the Official Police Garage's ability to charge for impound and storing a vehicle, and an Official Police Garage is a party here, but not in *Fitzpatrick*.

Third, there would be no substantial duplication of labor if heard by different judges as the cases are fundamentally different and are on different timelines, and Plaintiff makes no argument otherwise. If anything, relating the cases would add further complications to *Fitzpatrick*, which will require class certification briefing, has been pending for over a year and a half, and has a current scheduling order the Court has explained it is unlikely to modify further, *see Fitzpatrick*, ECF No. 109.

## V. CONCLUSION

Because this case and *Fitzpatrick* do not meet the standard for being related, the two cases should not be related.

Dated: April 10, 2023        HYDEE FELDSTEIN SOTO, City Attorney
                             SCOTT MARCUS, Chief Assistant City Attorney
                             GABRIEL S. DERMER, Assistant City Attorney
                             JOSEPH S. PERSOFF, Deputy City Attorney

                             By:   /s/ Joseph S. Persoff
                                   Joseph S. Persoff
                                   Deputy City Attorney
                                   Attorneys for Defendants